Docket No. 24-2763

*In the*
# United States Court of Appeals
*For the*
# Third Circuit

◆

**M.N. individually and on behalf of A.D., and A.D.**

v.

**SPARTA TOWNSHIP BOARD OF EDUCATION, NEW JERSEY DEPARTMENT OF EDUCATION, and ANGELA ALLEN-MCMILLAN, Acting Commissioner of Education, in her official capacity**

\*\*\*

**THURSTON LAW OFFICES LLC**,
**Appellant**

On Appeal from the United States District Court for the District of New Jersey
No. 2:21-cv-19977-SDW-JSA ✦ Order of Hon. Jessica S. Allen

### APPELLANT'S MOTION TO ENJOIN PROCEEDINGS IN THE DISTRICT COURT PENDING APPEAL

Robert C. Thurston, Esq.
Attorney ID #008801988
THURSTON LAW OFFICES LLC
433 River Road #1315
Highland Park, NJ 08904
856-335-5291
Email: rthurston@schoolkidslawyer.com

*Attorney for Appellant*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................3

STATEMENT OF FACTS .........................................................................................5

LEGAL ARGUMENT ................................................................................................6

    Motions Pursuant to Fed.R.App.P. 8(a) ............................................................6

    TLO is Likely to Succeed on the Merits ...........................................................7

    TLO Will Be Irreparably Harmed Absent a Stay or Injunction .....................10

    Other Interested Parties Will Not Be Substantially Injured ..........................10

    Public Interest Favors An Injunction in this Instance ...................................11

CONCLUSION .........................................................................................................12

CERTIFICATE OF SERVICE .................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*A.W. v. East Orange Bd of Educ.,* 248 Fed. Appx. 363 (3rd Cir. 2007) ..................... 8

*Blanchard v. Bergeron*, 489 U.S. 87, 95, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) ..... 8

*Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001) ..................................................................................................... 8

*Carrington Mortg. Servs., LLC v. Moore*, 2020 WL 3067503, at *2 (N.J. Super. Ct. App. Div. June 10, 2020) ......................................................................................... 9

*D.O. ex rel. M.O. v. Jackson Township Board of Education,* Civil Action No. 17-1581 (TJB) (D.N.J. April 30, 2019) ........................................................................ 8

*Gresko v. Pemberton Twp. Bd. of Ed.*, Civil No. 1:19-cv-00638, 2020 WL 6042317 (D.N.J. Oct. 13, 2020) ............................................................................................. 8

*Holbrook v. District of Columbia*, 305 F. Supp. 2d 41 (D.D.C. 2004) ............... 8, 11

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694 (3rd Cir. 2005) ........... 9

*P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848 (3rd Cir. 2006) ................................ 8

*Public Interest Research Group of NJ, Inc. v. Windall*, 51 F. 3d 1179 (3rd Cir. 1995) ......................................................................................................................... 8

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F. 2d 653 (3rd Cir. 1991) ................................................................................................................................... 7

*Student Pub. Interest Research Group v. AT & T Bell Labs.*, 842 F.2d 1436 (3rd Cir. 1988) .................................................................................................................. 9

**Statutes**

20 U.S.C. §1415(i)(3)(B)(i) ............................................................................... 7, 11

**Rules**

Fed.R.App.P. 8(a)(1) ................................................................................................. 6

Fed.R.App.P. 8(a)(2)(A)(i) ........................................................................................ 6

Fed.R.App.P. 8(a)(2)(B) ................................................................................6

NOW COMES Thurston Law Offices LLC ("TLO"), by and through counsel, and pursuant to Rule 8 of the Federal Rules of Appellate Procedure hereby respectfully moves this honorable Court to enjoin the proceedings, including settlement negotiations, in the District Court. In support of its motion, TLO hereby states as follows:

## STATEMENT OF FACTS

1. The case below is an appeal from an administrative decision in a special education dispute brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA"). *See* ECF ##1 and 17.[1]

2. TLO, dismissed counsel for Plaintiffs in the underlying action, filed a Motion to Intervene in the District Court case on August 9, 2024. ECF #111.

3. John Rue & Associates, LLC ("JRA"), current counsel for Plaintiffs, filed an opposition to TLO's motion on August 21, 2024. ECF #117.

4. Thereafter, TLO filed its reply brief also on August 21, 2024, ECF #119, and Magistrate Judge Jessica Allen held oral argument on the motion on September 10, 2024.[2]

---

[1] Entries on the District Court docket are hereinafter referred to as "ECF" with the corresponding docket number.

[2] Appellant TLO has ordered the transcript from the hearing in which the Magistrate Judge read the opinion into the record, but has not yet received the transcript.

5. Judge Allen read her decision into the record and issued an Order denying TLO's Motion to Intervene. ECF #125.

6. This appeal was filed on September 22, 2024. ECF #126.

## LEGAL ARGUMENT

Appellant TLO requests that this Court enjoin further proceedings in the District Court, including settlement negotiations, pending resolution of this appeal. This motion meets all of the factors for consideration under Rule 8(a).

**<u>Motions Pursuant to Fed.R.App.P. 8(a)</u>**

Ordinarily, a motion to stay or enjoin district court proceedings pending appeal is made in that lower court. "A party must ordinarily move first in the district court for the following relief: . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." Fed.R.App.P. 8(a)(1). However, such motion may be made to this Court if "moving first in the district court would be impracticable." Fed.R.App.P. 8(a)(2)(A)(i). TLO is unable to make this motion in the court below as it is neither a party to nor a counsel in that action due to the denial of its motion to intervene.

A motion to enjoin or stay proceedings must include "(i) the reasons for granting the relief requested and the facts relied on; (ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and (iii) relevant parts of the record." Fed.R.App.P. 8(a)(2)(B). This is little reported

authority on Rule 8(a) in this Circuit because "this court ordinarily grants or denies a stay pending appeal without opinion." *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F. 2d 653, 658 (3rd Cir. 1991). However, this Court did state four factors to consider in ruling on such a motion. "Those factors are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.*

**TLO is Likely to Succeed on the Merits**

TLO's Motion to Intervene was to preserve its share of the underlying Plaintiffs' claim for reimbursement of attorney's fees and costs from Defendants Sparta Township Board of Education ("Sparta") and the New Jersey Department of Education ("NJDOE") and Angelica Allen-McMillan, Acting Commissioner of Education ("Commissioner"). IDEA is a fee-shifting statute whereby in addition to any merits relief a court, in its discretion, is authorized to "award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. §1415(i)(3)(B)(i). To determine whether a party is eligible for reimbursement of attorney's fees a court must (1) decide whether the Plaintiffs are prevailing parties; and, then (2) determine the amount of reasonable fees and costs Plaintiffs should be reimbursed. *D.O. ex rel. M.O. v. Jackson*

*Township Board of Education,* Civil Action No. 17-1581 (TJB), p. 3 (D.N.J. April 30, 2019)[3]; *see also Public Interest Research Group of NJ, Inc. v. Windall*, 51 F. 3d 1179, 1184-85 (3rd Cir. 1995). This is true even when a settlement of the merits is reached. *See A.W. v. East Orange Bd of Educ.,* 248 Fed. Appx. 363 (3rd Cir. 2007); *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3rd Cir. 2006); *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001).

In the ordinary course of an IDEA case, after the merits award is decided or settled the parents would file a fee petition. *See, e.g., Gresko v. Pemberton Twp. Bd. of Ed.*, Civil No. 1:19-cv-00638, 2020 WL 6042317 (D.N.J. Oct. 13, 2020). However, if an attorney for prevailing parents is dismissed prior to prosecution of a claim for reimbursement of fees and costs, such attorney bears substantial risk in losing payment for services rendered and costs incurred, especially in cases where the attorney has represented the parents *pro bono* or at a reduced rate. Representation of parents for free or below market rates is common in IDEA cases. *See Holbrook v. District of Columbia*, 305 F. Supp. 2d 41 (D.D.C. 2004); *see also Blanchard v. Bergeron*, 489 U.S. 87, 95, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) ("That a nonprofit legal services organization may contractually have agreed not to charge any fee of a civil rights plaintiff does not preclude the award of a reasonable

---

[3] This case is available on Google Scholar at https://bit.ly/2KD2R11.

fee to a prevailing party"); *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 (3rd Cir. 2005) *citing Student Pub. Interest Research Group v. AT & T Bell Labs.*, 842 F.2d 1436, 1448 (3rd Cir. 1988) ("We have held that public-interest law firms that typically charge clients below-market fees, or no fees at all, are nonetheless entitled to compensation based on prevailing market rates in the relevant community.")

Loss of reimbursement for fees and costs is particularly egregious when the attorney's services aided the parents to succeed in the case. If judgment is entered or a settlement release is executed by the school district and/or State Educational Agency ("SEA"), the dismissed attorney has no recourse to pursue reimbursement of those fees in a separate action as it would be barred by the entire controversy doctrine. *See Carrington Mortg. Servs., LLC v. Moore*, 2020 WL 3067503, at *2 (N.J. Super. Ct. App. Div. June 10, 2020) ("parties to an action to raise all transactionally related claims in that same action.")

Thus, intervention by such dismissed parents' attorney is the most reasonable course. Since reimbursement of prevailing parties' fees and costs is necessarily connected to the parents' success in an IDEA case, the dismissed attorney's interest is not purely economic. Unlike this Court's ruling in *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) ("the mere fact that a lawsuit may impede a third party's ability to recover in

a separate suit ordinarily does not give the third party a right to intervene"), not only would a dismissed parents' attorney in an IDEA case be impeded in seeking recovery, the attorney would be prevented from any recovery.

Therefore, TLO is likely to succeed on the merits of its appeal herein.

**TLO Will Be Irreparably Harmed Absent a Stay or Injunction**

TLO's claim for attorney's fees and costs against Sparta, NJDOE and/or Commissioner is in excess of $150,000.00. *See* ECF #111-2. Without a stay or injunction of the proceedings below, the parties could reach a settlement or the district court could enter judgment thereby precluding any recovery by TLO. *See discussion above*. As discussed *supra*, the entire controversy doctrine and/or the execution of releases would preclude TLO from seeking recovery in a separate action. Stay or injunction of the proceedings below would prevent the irreparable injury to TLO.

**Other Interested Parties Will Not Be Substantially Injured**

There is no harm that would come to the other parties interested in this matter. Indeed, Sparta, NJDOE and Commissioner would benefit by delaying any reimbursement of fees and costs to Plaintiffs (and by extension JRA). JRA and Plaintiffs may assert that delay would harm their interests, but reimbursement of fees and costs is at the discretion of the court below and subject to the scrutiny of

any fee petition, *see* 20 U.S.C. §1415(i)(3)(B)(i), and, therefore, they will not be substantially injured.

**<u>Public Interest Favors An Injunction in this Instance</u>**

U.S. District Judge Kessler in *Holbrook v. District of Columbia* eloquently described the chilling effect of not protecting parents' attorneys' fees in IDEA cases.

> [U]nreasonable penny-pinching scrutiny such as Defendant [Educational Agency] has engaged in here <u>produces serious chilling effects on the availability of competent experienced attorneys to serve this clientele</u>. This is extremely problematic for a number of reasons, not the least of which is that <u>IDEA practice is highly specialized</u> – - an attorney who does IDEA work must understand the intricacies and the realities of the practice in order to obtain effective relief for his or her client in terms of an appropriate, individualized, educational placement.
>
> . . . IDEA lawyers are, in the vast majority of cases, small-firm or solo practitioners who have dedicated their professional lives to advancing the interest of disabled children, often at well-below market rates. Certainly, <u>the [Educational Agency] should not discourage lawyers who do such important work by failing to pay them for their services in a timely fashion</u>.

305 F. Supp. 2d at 48 (emphasis added.) There is a strong public interest in having a robust parents-side bar willing and able to take special education cases on a *pro bono* or '*low bono*' basis. Any decision that works against the promise of payment for professional legal services to assist parents in these cases is detrimental of that public interest. Likewise, this appeal addresses a very important aspect of this

11

public interest and it is critical to enjoin the district court proceedings to resolve this issue.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Appellant and Movant Thurston Law Offices LLC ("TLO") respectfully requests that this honorable Court enter an Order enjoining further proceedings in the District Court, including settlement negotiations, pending resolution of this Appeal.

Date:  October 2, 2024

Respectfully submitted,

Thurston Law Offices LLC

*/s/ Robert C. Thurston*
Robert C. Thurston, Esq.
433 River Road #1315
Highland Park, NJ 08904
856-335-5291
rthurston@schoolkidslawyer.com

*Attorneys for Movant-Appellant Thurston Law Offices LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date:  October 2, 2024

*/s/ Robert C. Thurston*
Robert C. Thurston, Esq.
Thurston Law Offices LLC
433 River Road #1315
Highland Park, NJ 08904
856-335-5291
rthurston@schoolkidslawyer.com

*Attorneys for Movant-Appellant Thurston Law Offices LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.N., individually and on behalf of A.D., and A.D.,<br><br>       **Plaintiffs,**<br>  v.<br><br>**SPARTA TOWNSHIP BOARD OF EDUCATION, NEW JERSEY DEPARTMENT OF EDUCATION, and ANGELICA ALLEN-MCMILLAN, Acting Commissioner of Education, in her official capacity,**<br><br>       **Defendants.** | Civil Action No. 21-19977 (SDW) (JSA)<br><br>**ORDER** |

**THIS MATTER** having come before the Court on September 10, 2024 for an Initial Scheduling Conference/Case Management Conference by Videoconference and oral argument on non-party Thurston Law Offices LLC's motion to intervene pursuant to Fed. R. Civ. P. 24 (ECF No. 111); and the Court having considered Thurston Law Offices LLC's and Plaintiffs' submissions in support of and in opposition to the motion (ECF Nos. 111, 114, 117, and 119); and having received no submissions from Defendants regarding the motion; and for the reasons set forth on the record which are incorporated herein; and for good cause shown:

**IT IS** on this 10th day of September, 2024,

**ORDERED** that Thurston Law Offices LLC's motion to intervene, (ECF No. 111), is **DENIED**; and it is further

**ORDERED** that the Clerk of Court is directed to terminate the motion at ECF No. 111.

                */s/ Jessica S. Allen*
                **Hon. Jessica S. Allen, U.S.M.J.**

cc: Hon. Susan D. Wigenton, U.S.D.J.